UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ADRIANER PINEDA-AGUILA,<br><br>Plaintiff,<br><br>v.<br><br>THE PRESIDENT OF THE UNITED STATES OF AMERICA, and UNITED STATES MILITARY<br><br>Defendants. | Case No.: 3:25-cv-03321-CAB-SBC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS & DISMISSING COMPLAINT;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On November 26, 2025, Plaintiff Rosa Adrianer Pineda-Aguila, proceeding pro se, filed a complaint against Defendants "United States Presidential" [sic] and "United States Military." [Doc. No. 1 at 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] Plaintiff also filed a motion for appointment of counsel. [Doc. No. 3.] For the reasons below, the Court **DENIES** the IFP motion, **DISMISSES** the complaint, and **DENIES** the motion for appointment of counsel as moot.

///

///

1

## I.    Application to Proceed in Forma Pauperis

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs.  "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).  The Court finds Plaintiff's IFP motion is insufficient as she does not state on her application whether she has any income or expenses.  [Doc. No. 2.]  Indeed, her IFP application is almost entirely blank.  [*Id.*]  Accordingly, the Court **DENIES** her IFP motion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (finding that granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion).

## II.    Screening of the Complaint Pursuant to 28 U.S.C. § 1915(e)(2)(B)

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

///

///

///

The complaint lacks factual allegations and is wholly incoherent and frivolous. Accordingly, the Court **DISMISSES** the complaint with prejudice.  With Plaintiff's complaint dismissed, the Court **DENIES** her motion for appointment of counsel as moot.

It is **SO ORDERED**.

Dated: February 17, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-03321-CAB-SBC